# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 21-4525

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARKEL BROWN, a/k/a Kel,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:19-cr-00191-FL-3)

Submitted: April 26, 2022                    Decided: April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markel Brown pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (Count 1); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 10); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count 11).[*] The district court sentenced Brown within the advisory Sentencing Guidelines range to 126 months' imprisonment and 5 years of supervised release. On appeal, Brown's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) Brown's guilty plea and appellate waiver were valid; (2) trial counsel rendered ineffective assistance; (3) the district court correctly calculated the Guidelines range; and (4) the prosecutor engaged in misconduct. The Government moves to dismiss the appeal pursuant to the appeal waiver in Brown's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir.

---

[*] Although Count 1 of the indictment charged Brown with violating 21 U.S.C. § 841(b)(1)(C), the charging language matches the essential elements of § 841(b)(1)(B), as does the language in the plea agreement and facts in the presentence report. We therefore conclude that Brown was on notice of the charge under § 841(b)(1)(B) and was not prejudiced by the indictment's typographical error. *See* Fed. R. Crim. P. 7(c)(2).

2021) (internal quotation marks omitted). Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Brown knowingly and voluntarily waived his right to appeal his sentence, except for ineffective assistance or prosecutorial misconduct claims, and the sentencing issue Brown raises on appeal falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver.

The waiver provisions, however, do not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because Brown did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record leads us to conclude that Brown entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Brown's guilty plea is valid.

With respect to Brown's allegation of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*,

3

821 F.3d 502, 507 (4th Cir. 2016). As the record does not conclusively demonstrate that counsel was ineffective, Brown's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id*. at 508. Further, our review of the record reveals no evidence of prosecutorial misconduct. *See, e.g.*, *United States v. Benson*, 957 F.3d 218, 234 (4th Cir. 2020) (noting that, to prevail on prosecutorial misconduct claim, defendant must show "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Brown's valid appellate waiver. We therefore grant the Government's motion to dismiss the appeal as to all issues within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4